UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 15**          **3519**

----------------------------------------------------------------X   Civil Docket No.:

VLORA PRENAJ,

**NOTICE OF REMOVAL**

                                        Plaintiff,

          -against-                                              WEINSTEIN, J.

TARGET CORPORATION,                                       GOLD, M.J.

                                        Defendant.

----------------------------------------------------------------X

To:  United States District Court, Eastern District of New York

          PLEASE TAKE NOTICE that defendant, Target Corporation, by its attorneys, removes

this case from the Supreme Court of the State of New York, County of Queens, and in support of

removal state, under penalty of perjury:

          1.          A civil action brought in a state court of which the district courts of the United

States have original jurisdiction may be removed by the defendant to the district court of the

United States for the district and division embracing the place where such action is pending. 28

U.S.C. §1441(a).

          2.          28 U.S.C. §1446 requires that a defendant who wants to remove a civil action to

file a notice of removal together with copies of all process, pleadings, and orders served upon it,

within 30 days of receipt of the initial pleadings.

## RELEVANT PROCEDURAL HISTORY

3.      A civil action was commenced by the plaintiff, Vlora Prenaj, against Target Corporation in the Supreme Court of the State of New York, County of Queens, Index No.: 1979/15. A copy of the Complaint is annexed as **Exhibit "A"**.

4.      The Complaint was filed with the Supreme Court, Queens County, on or about February 19, 2015. According to a service of process transmittal, the Complaint was served on the CT Corp. System for Target Corporation on April 7, 2015. A copy of the affidavit of service is annexed as **Exhibit "B"**.

## GROUNDS FOR REMOVAL

5.      The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. §1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

6.      The named defendant Target Corporation is a Minnesota corporation with a principal place of business in Minnesota. **Exhibit "C"**.

7.      The plaintiff's Complaint alleges that she is a resident of Queens County, New York. Summons and Complaint (**Exhibit A**).

8.      Defendant believes in good-faith that the amount in controversy exceeds $75,000, exclusive of interest and costs, based on counsel for the plaintiff's response to defendant's CPLR §3017(c) demand in which the plaintiff is alleging to have incurred damages in the amount of Five Hundred Thousand ($500,000.00) Dollars. *See* defendant's CPLR §3017(c) demand, **Exhibit "D"** and plaintiff's Response to CPLR §3017(c) demand, **Exhibit "E"**,

## CONCLUSION

9.      Removal of this action to the United States District Court is proper under 28 U.S.C. §1441(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and because there is complete diversity of citizenship between the parties. The United States District Court would, therefore, have original jurisdiction over this matter under 28 U.S.C. §1332 had the action been brought in federal court originally.

10.     Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446(d), as evidenced in the annexed Certificate of Service.

11.     Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Queens, in accordance with 28 U.S.C. §1446(d).

12.     By filing this Notice of Removal, defendant does not waive any defenses, including, without limitation, lack of personal jurisdiction, improper venue or forum, failure to establish damages, all defenses specified in Federal Rules of Civil Procedure 12, or any other defenses.

WHEREFORE, the defendant gives notice that the above-referenced action, pending against it in the Supreme Court of the State of New York, County of Queens, has been removed to this Court.

Dated: New York, New York
       June 15, 2015

                                   Marshall Dennehey Warner Coleman & Goggin


                          By: _____
                                   Steven M. Christman
                                   Attorneys for Defendant
                                   Target Corporation
                                   Wall Street Plaza · 88 Pine Street – 21st Floor
                                   New York, New York 10005
                                   Tel: (212) 376-6400
                                   Fax: (212) 376-6490
                                   File No.: 40142.00130

To:    Simon & Gilman, LLP
       Attorneys for Plaintiff
       Vlora Prenaj
       91-31 Queens Blvd., Suite 411
       Elmhurst, New York 11373
       Tel: (718) 459-6200
       File No.: 12-232K

 

30% PCW    100% Recycled

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
VLORA PRENAJ,

                                        Plaintiff,

                  - against -

TARGET CORPORATION,

_____
                                        Defendant.
-------------------------------------------------------------X

Index No. *1979/15*

Purchased: *2/19/15*

Plaintiff designates Queens
County as the place of trial.

The basis of venue is
Plaintiff's residence.

**SUMMONS**

Plaintiff resides at
84-26 55th Road #3
Elmhurst, NY 11373

To the Above-Named Defendant:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to

serve a copy of your Answer or, if the Complaint is not served within this Summons, to

serve a Notice of Appearance on the Plaintiff's attorneys within twenty (20) days after

the service of this Summons, exclusive of the day of service (or within thirty [30] days

after the service is complete if this Summons is not personally delivered to you within

the State of New York); and in case of your failure to appear or answer, judgment will

be taken against you by default for the relief demanded in the Complaint.


DATED: February 4, 2015

                                        SIMON & GILMAN, LLP
                                        Attorneys for Plaintiff
                                        91-31 Queens Blvd. - Suite 411
                                        Elmhurst, NY 11373
                                        (718) 459-6200

TO:     Target Corporation
        % Secretary of State
        Albany, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
VLORA PRENAJ,

                        Plaintiff,          **VERIFIED COMPLAINT**

          - against -           Index No. *1979/15*

TARGET CORPORATION,

                      Defendant.
------------------------------------------------------------X

      Plaintiff VLORA PRENAJ, by her attorneys, SIMON & GILMAN, LLP, complaining of Defendant TARGET CORPORATION, states to the Court and alleges that:

      1.     At all times hereinafter mentioned, Plaintiff was and remains a resident of the County of Queens, City and State of New York.

      2.     Upon information and belief, and at all times mentioned herein, Defendant was and is a domestic corporation, organized under and existing pursuant to the laws of the State of New York.

      3.     Upon information and belief, and at all times mentioned herein, Defendant was and is a foreign corporation authorized to do business in the State of New York.

      4.     Upon information and belief, and at all times mentioned herein, Defendant was and still is a business entity transacting business in the State of New York.

      5.     Upon information and belief, and at all times mentioned herein, Defendant was and still is the owner of certain lands and premises, including the

1

department store located thereat, known as 88-01 Queens Boulevard in the County of Queens, City and State of New York.

6.    Upon information and belief, and at all times mentioned herein, Defendant operated the aforementioned lands and premises, including the department store located thereat.

7.    Upon information and belief, and at all times mentioned herein, Defendant possessed the aforementioned lands and premises, including the department store located thereat.

8.    Upon information and belief, and at all times mentioned herein, Defendant controlled the aforementioned lands and premises, including the department store located thereat.

9.    Upon information and belief, and at all times mentioned herein, Defendant managed the aforementioned lands and premises, including the department store located thereat.

10.    Upon information and belief, and at all times mentioned herein, Defendant maintained the aforementioned lands and premises, including the department store located thereat.

11.    Upon information and belief, and at all times mentioned herein, Defendant was a lessee of the aforementioned premises, including the department store located thereat.

12.    At all times herein mentioned, Defendant had a duty to maintain the premises, including the department store located thereat, and a duty not to cause or

2

permit unsafe conditions to exist in the aforementioned department store, so that it was dangerous to pedestrians walking thereat.

13.    On or about August 5, 2012, while Plaintiff was lawfully traversing the aforementioned Target department store at the aforesaid location, and using due care for her safety, suddenly, without any warning or notice, she slipped and fell due to a dangerous accumulation of water and/or other slippery substances, causing her to be violently precipitated to the floor, thus sustaining the serious injuries and damages hereinafter alleged.

14.    Defendant caused and permitted said dangerous and defective condition to be and remain for an unreasonable length of time in derogation of its duty, so that it was dangerous to pedestrians in general, and this Plaintiff in particular.

15.    On and prior to August 5, 2012, Defendant knew of the dangerous and defective condition described herein, or that same existed for such an unreasonable length of time that it should have taken adequate and appropriate steps to prevent the occurrence alleged herein.

16.    The aforesaid incident and the serious injuries resulting therefrom were due solely to the negligence of Defendant, its servants, agents, and/or employees with no contribution by the Plaintiff in any manner.

17.    Solely by reason of the aforesaid, Plaintiff sustained and suffered certain and severe permanent personal injuries to her body and limbs, and a severe shock to her nervous system. Said injuries are, in part, of a permanent nature, causing said Plaintiff to become sick, sore, lame, and disabled for a long period of time after said accident.

3

18. By reason of the premises hereinabove set forth, Plaintiff has suffered severe pain, suffering, and anguish, and has been compelled to submit to medical care and treatment, thereby preventing her from attending to her usual occupation duties and daily activities.

19. The amount of damages sought herein exceeds the jurisdictional limit of all other Courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff VLORA PRENAJ hereby demands judgment against Defendant TARGET CORPORATION in an amount exceeding the jurisdictional limits of all lower courts, said amount to be determined at the trial of this matter, together with the costs and disbursements of this action.

DATED:     February 4, 2015
              Elmhurst, New York

Yours, etc.,

SIMON & GILMAN, LLP
By: Keith A. Gilman, Esq.
Attorneys for Plaintiff
91-31 Queens Blvd. – Suite 411
Elmhurst, NY 11373
(718) 459-6200

4

=== NOTICE OF ENTRY ===

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

**SIMON & GILMAN, LLP**

*Attorneys for*

*Office and Post Office Address*

91-31 Queens Boulevard – Suite 411
Elmhurst, NY 11373

To

Attorney(s) for

=== NOTICE OF SETTLEMENT ===

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on
at                     M.
Dated,

Yours, etc.

**SIMON & GILMAN, LLP**

*Attorneys for*

*Office and Post Office Address*

91-31 Queens Boulevard – Suite 411
Elmhurst, NY 11373

To

Attorney(s) for

---

Index No. *1979/15*   Year

SUPREME COURT STATE OF NEW YORK
COUNTY OF QUEENS

VLORA PRENAJ,

                            Plaintiff,

        – against –

TARGET CORPORATION,

                            Defendant.

SUMMONS AND VERIFIED COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

Keith A. Gilman, Esq.

**SIMON & GILMAN, LLP**

*Attorneys for*   Plaintiff

*Office and Post Office Address, Telephone*
91-31 Queens Boulevard – Suite 411
Elmhurst, NY 11373
**(718) 459-6200**

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

1500 – BlumbergExcelsior Inc., NYC 10013

SIMON & GILMAN, LLP

©1995 BlumbergExcelsior Inc.

STATE OF NEW YORK, COUNTY OF _____ ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within _____
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am _____
the attorney(s) of record for _____ in the within
action; I have read the foregoing _____ and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: _____                                        ............................................................
                                                                                    The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF QUEENS _____ ss.:

I, the undersigned, being duly sworn, depose and say: I am **the Plaintiff**

☒ **Individual Verification** in the action; I have read the foregoing **Complaint**
and know the contents thereof; the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the _____ of _____
a _____ corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

                                                                                    *Prenaj*
Sworn to before me on 18 FEBRUARY 2015          ............................................................
                                                                                    The name signed must be printed beneath
KEITH GILMAN
Notary Public, State of New York                              VLORA PRENAJ
No. 02GI6004339
Qualified in Nassau County
Commission Expires _____ 5-8-18

STATE OF NEW YORK, COUNTY OF _____ ss.:          (If more than one box is check—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On _____                     I served the within

☐ **Service By Mail** } by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** } by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served
to be the person mentioned and described in said papers as *a party therein*:

☐ **Service by Electronic Means** } by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL
at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a
copy to the address set forth after each name.

☐ **Overnight Delivery Service** } by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each
name below.

 

 **CT Corporation**

**Service of Process Transmittal**
04/07/2015
CT Log Number 526900445

TO:  Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

RE:  **Process Served in New York**

FOR:  Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vlora Prenaj, Pltf. vs. Target Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint, Attachment(s) |
| **COURT/AGENCY:** | Queens County: Supreme Court, NY<br>Case # 197915 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On or about August 5, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/07/2015 at 12:44 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Keith A. Gilman<br>Simon & Gilman, LLP<br>91-31 Queens Blvd. - Suite 411<br>Elmhurst, NY 11373<br>718-459-6200 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/08/2015, Expected Purge Date: 04/13/2015<br>Image SOP<br>Email Notification, Non Employee Litigation Target gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>111 Eighth Avenue<br>13th Floor<br>New York, NY 10011 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.




# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through June 19, 2013.

---

Selected Entity Name: TARGET STORES
Selected Entity Status Information

| | |
|---|---|
| Current Entity Name: | TARGET CORPORATION |
| DOS ID #: | 1886268 |
| Initial DOS Filing Date: | JANUARY 19, 1995 |
| County: | NEW YORK |
| Jurisdiction: | MINNESOTA |
| Entity Type: | FOREIGN BUSINESS CORPORATION |
| Current Entity Status: | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

TARGET STORES
1000 NICOLLET MALL, TPS 2672
MINNEAPOLIS, MINNESOTA, 55403

**Chief Executive Officer**

GREGG W. STEINHAFEL
1000 NICOLLET MALL
MINNEAPOLIS, MINNESOTA, 55403

**Principal Executive Office**

TARGET STORES
1000 NICOLLET MALL, TPS 2672
MINNEAPOLIS, MINNESOTA, 55403

**Registered Agent**

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

This office does not record information regarding the
names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include the
name(s) and address(es) of the initial officers, directors,
and shareholders in the initial certificate of incorporation,
however this information is not recorded and only
available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| APR 10, 2000 | Fictitious | TARGET STORES |
| APR 10, 2000 | Actual | TARGET CORPORATION |
| JAN 19, 1995 | Actual | DAYTON HUDSON CORPORATION |

A Fictitious name must be used when the Actual name of a foreign entity is unavailable for use in New York
State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through June 19, 2013.

Selected Entity Name: TARGET CORPORATION
Selected Entity Status Information

**Current Entity Name:** TARGET CORPORATION
**DOS ID #:** 1886268
**Initial DOS Filing Date:** JANUARY 19, 1995
**County:** NEW YORK
**Jurisdiction:** MINNESOTA
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
TARGET STORES
1000 NICOLLET MALL, TPS 2672
MINNEAPOLIS, MINNESOTA, 55403

**Chief Executive Officer**

GREGG W. STEINHAFEL
1000 NICOLLET MALL
MINNEAPOLIS, MINNESOTA, 55403

**Principal Executive Office**

TARGET STORES
1000 NICOLLET MALL, TPS 2672
MINNEAPOLIS, MINNESOTA, 55403

**Registered Agent**

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

Entity Information

This office does not record information regarding the
names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include the
name(s) and address(es) of the initial officers, directors,
and shareholders in the initial certificate of incorporation,
however this information is not recorded and only
available by viewing the certificate.

## *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
| --- | --- | --- |
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

## Name History

| Filing Date | Name Type | Entity Name |
| --- | --- | --- |
| APR 10, 2000 | Fictitious | TARGET STORES |
| APR 10, 2000 | Actual | TARGET CORPORATION |
| JAN 19, 1995 | Actual | DAYTON HUDSON CORPORATION |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York
State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS
Homepage   |   Contact Us

ALL-STATE LEGAL® E20 222 C510

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X   Index No.: 1979/15
VLORA PRENAJ,

                    **CPLR §3017(c) DEMAND**

                 Plaintiff,

    -against-

TARGET CORPORATION,

                 Defendant.

----------------------------------------------------------------X

      PLEASE TAKE NOTICE that pursuant to CPLR 3017(c), the defendant, Target

Corporation, demands that the plaintiff provide a response setting forth the total damages to

which the pleader deems herself entitled. A supplemental demand shall be provided by the party

bringing the action within fifteen days of the request pursuant to CPLR 3017(c).

Dated: New York, New York
       May 18, 2015

                             Marshall Dennehey Warner Coleman & Goggin

                   By: _____
                         Steven M. Christman, Esq.
                         Attorneys for Defendant
                         Target Corporation
                         Wall Street Plaza · 88 Pine Street – 21st Floor
                         New York, New York 10005
                         Tel: (212) 376-6400
                         Fax: (212) 376-6490
                         File No.: 40142.00130

To:   Simon & Gilman, LLP
     Attorneys for Plaintiff
     Vlora Prenaj
     91-31 Queens Boulevard, Suite 411
     Elmhurst, New York 11373
     Tel: (718) 459-6200

LEGAL/100024062.v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X   Index No.: 1979/15
VLORA PRENAJ,

                           **NOTICE FOR DEPOSITION**

                Plaintiff,

    -against-

TARGET CORPORATION,

                Defendant.

----------------------------------------------------------------X

      PLEASE TAKE NOTICE that, pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of Plaintiff, will be taken before a notary public who is not an attorney or employee of an attorney for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at:

Marshall, Dennehey, Warner, Coleman & Goggin
Wall Street Plaza, 88 Pine Street, 21st Floor
New York, New York 10005

on **August 18, 2015,** at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action, including:

      All of the relevant facts and circumstances in connection with the accident which allegedly occurred on or about August 5, 2012, including negligence, contributory negligence, liability and damages.

That the said persons to be examined are required to produce at such examination all books, records, documents and other materials related to the accident.

Dated: New York, New York
       May 18, 2015

Marshall Dennehey Warner Coleman & Goggin

By: _____

Steven M. Christman, Esq.
Attorneys for Defendant
Target Corporation
Wall Street Plaza · 88 Pine Street – 21st Floor
New York, New York 10005
Tel: (212) 376-6400
Fax: (212) 376-6490
File No.: 40142.00130

To:    Simon & Gilman, LLP
       Attorneys for Plaintiff – Vlora Prenaj
       91-31 Queens Boulevard, Suite 411
       Elmhurst, New York 11373
       Tel: (718) 459-6200

LEGAL/100023543.v1

2

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                             : S.S.
COUNTY OF NEW YORK  )

      Lynel J. Taylor, being duly sworn, deposes and says:

      I am not a party to the within action, am over 18 years of age, am employed by Marshall, Dennehey, Warner, Coleman & Goggin, Wall Street Plaza, 88 Pine Street, 21st Floor, New York, New York 10005, and reside in Hudson County, New Jersey.

      On May 18, 2015, I served a true copy of the within **NOTICE FOR DEPOSITION and CPLR §3017(c) DEMAND** upon:

      Simon & Gilman, LLP
      Attorneys for Plaintiff - Vlora Prenaj
      91-31 Queens Boulevard, Suite 411
      Elmhurst, New York 11373
      Tel: (718) 459-6200

by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal service by first class mail, addressed to the last known address of the addressee(s) indicated below:

_Lynel J. Taylor_

Lynel J. Taylor

Sworn to before me this
18th day of May, 2015

Notary Public

**DEBORAH McINTOSH-LECONTE**
Notary Public, State of New York
No.01MC5060400
Qualified in Kings County
Commission Expires May 20, 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X   Index No.: 1979/15
VLORA PRENAJ,

                Plaintiff,

   -against-

TARGET CORPORATION,

                Defendant.

-----------------------------------------------------------------X

===========================================================

## NOTICE FOR DEPOSITION and CPLR §3017(c) DEMAND

===========================================================

### MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

Attorneys for Defendant

TARGET CORPORATION

Wall Street Plaza, 88 Pine Street, 21st Floor
New York, New York 10005
(212) 376-6400


30% PCW

SIMON & GILMAN, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
VLORA PRENAJ,

**RESPONSE TO**
**CPLR §3017(c) DEMAND**

                      Plaintiff,

Index No. 1979/15

    -against-

TARGET CORPORATION,

                      Defendant.
-----------------------------------------------------------------------X

        Plaintiff hereby responds as follows to defendant's Demand for Discovery &

Inspection:

        Any damages claimed in this lawsuit are based upon pain and suffering (for

which there is no formula for computation) and expenses attendant to medical, hospital and/or

therapeutic treatment. Plaintiff claims FIVE HUNDRED THOUSAND DOLLARS in damages.

        **PLEASE TAKE NOTICE**, that plaintiff reserves the right to supplement the

above responses during discovery up to a sufficient time prior to and including the trial of this

action.

      Dated: Elmhurst, New York
            June   2 , 2015

                                  Yours, etc.
                                  SIMON & GILMAN, LLP

By:    KEITH A. GILMAN, ESQ.
             Attorneys for Plaintiff
             **VLORA PRENAJ**
             Office and P.O. Box
             91-31 Queens Blvd., Suite 411
             Elmhurst, New York  11373
             (718) 459-6200
             File No.: 12-232K

VLORA PRENAJ,

Plaintiff,

– against –

TARGET CORPORATION,

Defendant.

---

## RESPONSE TO DEMAND FOR DISCOVERY & INSPECTION

---

**SIMON & GILMAN, LLP**
*Attorneys for Plaintiff*
91-31 Queens Boulevard, Suite 411
Elmhurst, New York 11373
(718) 459-6200
Fax No: (718) 459-6270

---

**TO:** MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, Wall Street Plaza,
88 Pine Street, 21st Floor,  New York, NY 10005

---

Service of a copy of the within          is hereby admitted.
Dated:

_____
Attorney for Defendant(s)

☐  **NOTICE OF ENTRY**

PLEASE TAKE NOTICE that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on .

☐  **NOTICE OF SETTLEMENT**

PLEASE TAKE NOTICE that an Order of which the within is a true copy will be
presented for settlement to the Hon.                    , one of
the judges of the within named Court on

Dated:   June 2,



TO:   MARSHALL DENNEHEY WARNER
      COLEMAN & GOGGIN
      Attorneys for Defendant
      **TARGET CORPORATION**
      Office and P.O. Box
      Wall Street Plaza
      88 Pine Street, 21st Floor
      New York, NY 10005
      (212) 376-6400