

**UNITED STATES DISTRICT COURT**

**FOR THE**

**EASTERN DISTRICT OF**

| | |
|---|---|
| **Douglas C Palmer**<br>Clerk of Court<br><br>**Brenna Mahoney**<br>Chief Deputy<br><br>**Michael J. Kramer**<br>Chief Deputy | **Theodore Roosevelt Federal Courthouse**<br>**Emanuel Cellar Federal Courthouse**<br>225 Cadman Plaza East<br>Brooklyn, NY 11201<br>(718) 613-2270<br><br>**Alfonse D'Amato Federal Courthouse**<br>100 Federal Plaza<br>Central Islip, NY 11722<br>(718) 613-2270 |

26 October 2021

**BY ECF AND OVERNIGHT MAIL**

**Keith A. Gilman**
Simon & Gilman, LLP
91-31 Queens Blvd. Ste. 411
East Elmhurst, NY 11373

**Steven Mark Christman**
Marshall Dennehey Warner Coleman & Goggin
88 Pine Street 21st floor
New York, NY 10005

**Adam C. Calvert**
Marshall Dennehey Warner Coleman & Goggin
88 Pine Street 21st Floor
New York, NY 10005

In re: Prenaj v. Target Corporation, 1:15-cv-03519-JBW-SMG

Dear Counsel,

    I have been contacted by Chief Judge Margo K. Brodie on behalf of Judge Jack B. Weinstein who presided over the above-mentioned case.

    Judge Brodie informed me that it has been brought to her attention that while Judge Weinstein presided over the case, he owned stock in Target Corporation. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brodie on behalf of Judge Weinstein, directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to this disclosure on behalf of Judge Weinstein of a conflict in this case. Should you wish to respond, please submit your response on or before November 10, 2021. Any response will be considered by another judge of this court without the participation of Judge Weinstein, who is now deceased.

Sincerely,

Douglas C. Palmer
Clerk of Court